JORDAN C. SKINNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106733. Promulgated August 21, 1942.

*James B. Malone, Esq.,* for the petitioner.
*Edward M. Woolf, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The issue is whether or not the petitioner is entitled to deduct a loss arising from the sale to his brother of certain assets whose depreciated net value was found to be $18,046.07, for the sum

of approximately $6,500. The respondent disallowed the deduction as violative of the provisions of section 24 (a) (6) (A) and (D) of the Revenue Act of 1936 [1] and ruled also that the petitioner's alternative claim of a loss of useful value had not been substantiated.

The language of the statute is clear and unmistakable. If a sale or exchange of property is made by the taxpayer to or with members of his family as defined in section 24 (a) (6) (D), no deduction shall be allowed to him for any loss arising therefrom. The petitioner made such a sale and the statutory prohibition requires us to approve the respondent's action. *Charles J. Stamler*, 45 B. T. A. 37.

The petitioner argues further that he is entitled to the deduction because the useful life of the property was exhausted in 1937, before the sale, and that the amount he received from his brother thus represents and measures its salvage value. The facts of record do not support him. Prior to 1937 he had transferred all of his entire retreading machinery to his Springfield factory, with the exception of a large calender machine which he sold to a Cleveland firm. He continued to use the Dayton plant as a storage warehouse and as a convenient housing facility for the inspection, sorting, and buffing of tires.

The petitioner himself testified that during both the taxable year and the succeeding year he could have used the property for storage purposes and that it would have had some value to him. The record gives us no basis for measuring this value. Furthermore, there are certain other fatal deficiencies of record, such as proof of original cost and amounts of depreciation, which make it impossible to ascertain the actual loss sustained even if it were allowable.

The record does not sustain petitioner's claim.

*Decision will be entered for the respondent.*

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(6) Loss from sales or exchanges of property, directly or indirectly, (A) between members of a family, or \* \* \*; (D) the family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.